**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>PABLO CEBALLOS,<br><br>              Petitioner - Appellant,<br><br>  v.<br><br>BRIAN WILLIAMS; NEVADA<br>ATTORNEY GENERAL,<br><br>           Respondents - Appellees.</td><td>No. 11-16104<br><br>D.C. No. 2:07-cv-01023-GMN-<br>PAL<br><br><br>MEMORANDUM[*]</td></tr>
</table>

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Submitted June 14, 2013[**]
San Francisco, California

Before: SCHROEDER, RIPPLE[***], and CALLAHAN, Circuit Judges.

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

      [***]    The Honorable Kenneth F. Ripple, Senior Circuit Judge for the U.S. Court of Appeals for the Seventh Circuit, sitting by designation.

Petitioner-Appellant Pablo Ceballos appeals the dismissal of his petition for a writ of habeas corpus. The district court had jurisdiction under 28 U.S.C. § 2254, we have jurisdiction under 28 U.S.C. § 2253, and we affirm.[1]

Assuming without deciding that *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), applies to state post-conviction proceedings in Nevada, *see Trevino v. Thaler*, 133 S. Ct. 1911 (2013), Ceballos fails to establish that his post-conviction counsel rendered constitutionally ineffective assistance when he did not press, in the initial post-conviction proceedings, Ceballos's claim that his trial lawyer was ineffective when she failed to resolve his case according to an alleged misdemeanor plea deal from the State. Ceballos's post-conviction counsel, after reviewing the record and seeking his client's input, reasonably determined that the trial ineffective-assistance-of-counsel claim was meritless; apart from Ceballos's assertions, there was no evidence that such a deal existed or that Ceballos had accepted it. Ceballos's counsel also reasonably determined that Ceballos faced a possible perjury charge if an evidentiary hearing was held. *See Wiggins v. Smith*, 539 U.S. 510, 521 (2003) ("'[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" (quoting

_____

[1] Ceballos's motion for judicial notice (ECF No. 17) is granted. Respondents-Appellees Brian Williams, et al.'s motion to strike (ECF No. 21) is denied.

2

*Strickland v. Washington*, 466 U.S. 668, 690 (1984)); *Sexton v. Cozner*, 679 F.3d 1150, 1157 (9th Cir. 2012) ("Counsel is not necessarily ineffective for failing to raise even a nonfrivolous claim, so clearly we cannot hold counsel ineffective for failing to raise a claim that is meritless." (citations omitted)).  Ceballos thus fails to establish cause and prejudice to excuse his procedural default under *Martinez*.

**AFFIRMED**.